THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| TOMÁS FLORES-MORET, *Plaintiff*, v. WARDEN INSTITUCIÓN BAYAMÓN 501, *et al.*, *Defendants.* | Civ. No. 22-01377 (MAJ) |
|---|---|

### OPINION AND ORDER

**I.    Introduction**

Tomás Flores Moret ("Plaintiff"), incarcerated in Bayamón 501 Correctional Facility, filed suit against the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico, *et al.* (the "DOC" or "Defendants"). The suit alleges violations of Plaintiff's federal civil rights under the Fourteenth Amendment and 42 U.S.C. § 1983, along with a negligence claim under Puerto Rico law. (**ECF Nos. 1 & 15**)[1] These claims are based on Plaintiff's allegation as stated in his Amended Complaint that he unjustly remains in medium security. (**ECF No. 15**). This is despite Plaintiff's contention that he meets the criteria for minimum security reclassification. *Id.*

Before the Court is Defendants' Motion to Dismiss (the "Motion") brought under Federal Rule of Civil Procedure 12(b)(6). (**ECF No. 22 at 8**). Defendants seek dismissal, based on two main points: first, they claim that Plaintiff did not go through all required administrative procedures, as mandated by the Prison Litigation Reform Act ("PLRA"),

---

[1] Plaintiff's Amended Complaint claims violations of his rights by Defendants under the Civil Code of Puerto Rico of 2020, Article 1536, 31 L.P.R.A. § 10801. (**ECF No. 15 at 5-6**). Additionally, Plaintiff alleges that these claims arise from the same nucleus of operative facts, allowing for supplemental jurisdiction under 28 USC § 1367. *Id.*

42 U.S.C. § 1997e. (**ECF No. 22 at 8-17**). Second, they claim immunity from Plaintiff's suit under the Eleventh Amendment of the U. S. Constitution. *Id.*

For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's federal and state law claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## II. Background

Plaintiff's Amended Complaint alleges that despite fulfilling requirements for minimum security classification, Plaintiff remains in medium security, which he claims violates the DOC's regulations, the Commonwealth's rehabilitation policies, and federal and state law. (**ECF No. 15 at 1-3**).

Defendants' Motion to Dismiss argues that Plaintiff failed to complete the mandatory PLRA procedure for exhausting administrative remedies by not seeking judicial review from the Puerto Rico Court of Appeals. (**ECF No. 22 at 1-2**). According to Defendants, despite the Classification Committee's decision and subsequent denial of reconsideration, Plaintiff did not pursue judicial review before filing his Amended Complaint. *Id.* at 1-2, 8.

## III. Legal Standard under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts employ a two-pronged approach based on the "plausible" standard from *Twombly* and *Iqbal*. *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this approach, a court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 55 (2012). A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court need not "credit conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Douglas v. Hirshon*, 63 F.4th 49, 55 (1st Cir. 2023).

Second, the court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d 50, 55 (first citing *Ocasio-Hernández*, at 12; and then citing *S.E.C. v. Tambone*, 597 F.3d 436, 441–42 (1st Cir. 2010)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' its 'judicial experience and common sense.'" *Id.* (citing *Iqbal*, at 678-79).

Complaints resting on unsupported assertions or speculative claims typically fail to withstand a motion to dismiss. *Niagara Bottling, LLC v. CC1 LP*, 381 F. Supp. 3d 175, 181 (D.P.R. 2019). Factual assertions devoid of elaboration and speculative assumptions are similarly inadequate. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011).

### IV. Exhaustion under The Prison Litigation Reform Act

The PLRA broadly applies to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In an aim "to reduce" and refine prisoner suits, the PLRA mandates the exhaustion of internal administrative remedies before resorting to federal litigation. *Medina-Claudio v. Rodríguez-Mateo*, 292 F.3d 31, 34 (1st Cir. 2002).

The PLRA's exhaustion requirement is not a jurisdictional prerequisite. *Lassalle-Pitre v. Mercado-Cuevas*, 839 F. Supp. 2d 471 (D.P.R. 2012). Instead, it functions as an

affirmative defense that a defendant may raise. *Id.*, *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("exhaustion under § 1997e(a) is not a jurisdictional condition, and has [been] held [] to be an affirmative defense"). The defendant bears the burden of demonstrating plaintiff's non-exhaustion of administrative remedies. *Lassalle-Pitre*, 839 F. Supp. 2d 471 at 474 (citing *Casanova v. Dubois,* 289 F.3d at 147.) Thus, a defendant must assert the following: (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust them. *Id*.

Limited exceptions to the exhaustion requirement exist, particularly in cases involving life-threatening health conditions. *Berríos-Romero v. Compass Grp. N. Am.*, 727 F. Supp. 2d 54, 58 (D.P.R. 2010). Under these circumstances, prisoners may directly sue custodial officers for deliberate indifference, without first exhausting administrative remedies. *Id*.

## V. Discussion

In essence, Plaintiff argues it would have been an exercise in futility to exhaust his administrative remedies because it would have required the reviewing body to "act contrary to law." (**ECF No. 31 at 3-4**). Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss references *Younger v. Crowder*, a United States Court of Appeals for the Fourth Circuit decision, to argue his position that the PLRA does not require inmates to pursue administrative remedies when such remedies are effectively unavailable or when pursuing them would be futile or nonsensical. 79 F.4th 373, 381 (4th Cir. 2023); (**ECF No. 31 at 3-4**). More specifically, the Fourth Circuit noted that "the PLRA does not force inmates to walk a nonsensical and perplexing path to properly exhaust their available administrative remedies" and "the PLRA does not require that

inmates tilt at windmills before they can access federal court." *Younger v. Crowder*, 79 F.4th 373, 381 (4th Cir. 2023).

Plaintiff's argument rehashes a similar one put forward by the plaintiff in *Medina-Claudio*, which the Court of Appeals for the First Circuit found "amount[ed] to a claim that it would be futile for him to resort to the [DOC]'s administrative remedies because they could not afford him the relief he seeks in federal court." *Medina-Claudio v. Rodríguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002). There, the First Circuit, of which the Court is bound to follow, explicitly made clear that "there is no futility exception to the PLRA exhaustion requirement." *Medina-Claudio*, 292 F.3d 31 at 35 (internal quotations and citations omitted); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that the PLRA mandates exhaustion regardless of the relief offered through administrative procedures); *Johnson v. Thyng*, 369 F. App'x 144, 146 (1st Cir. 2010) (cleaned up) ("exhaustion is mandatory" and "[a]ll available remedies must be exhausted; those remedies need not meet federal standards; nor must they be plain, speedy, and effective."). So, while Plaintiff might find solace in the Fourth Circuit's leniency towards the futility of exhausting administrative remedies, the First Circuit recognizes no such exception to the PLRA exhaustion mandate. *See id*.

Plaintiff's pleading of impossibility is tantamount to a concession that he did not exhaust all the administrative remedies, given the purported impossibility of doing so. In other words, based on Plaintiff's logic, it is unreasonable to expect completion of what one deems unachievable. Plaintiff does not claim to have requested judicial review before the Puerto Rico Court of Appeals, nor is there anything in the record to suggest he has attempted to do so. *See Figueroa-Rivera v. Puerto Rico*, 609 F. Supp. 2d 205, 207 (D.P.R. 2009) (granting motion to dismiss, "[e]ven though [p]laintiff claimed in his complaint

that he did exhaust administrative remedies, he has failed to provide any evidence of such exhaustion"); *Meléndez-Marrero v. Puerto Rico*, 206 F. Supp. 2d 299, 300–01 (D.P.R. 2002) (dismissing PLRA action where plaintiff's complaint did "not even suggest that he has taken the required steps toward administrative exhaustion"). Accordingly, Plaintiff's failure to exhaust available administrative remedies, as required by the PLRA, unequivocally necessitates the dismissal of the current case. *See Barbosa-Orona v. Flores-Dasta*, 843 F. Supp. 2d 230, 235–36 (D.P.R. 2012).[2]

## VI. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's Amended Complaint ***without prejudice***.[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of February, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's failure to exhaust such remedies compels the court to dismiss the case outright, without delving into other defenses such as Eleventh Amendment immunity. *See e.g., Ramos-Irizarry v. Departamento de Corrección y Rehabilitación*, 19-cv-1125, 2020 WL 2393976, at *3 (D.P.R. May 11, 2020) (dismissing the complaint for "failure to exhaust administrative remedies" the Court refrained from considering "Eleventh Amendment Immunity argument."); *Lassalle-Pitre v. Mercado-Cuevas*, 839 F. Supp. 2d 471, 475 (D.P.R. 2012) (noting "as dismissal was found warranted on exhaustion grounds, the court need not entertain the merits" of Eleventh Amendment immunity).

[3] Dismissals for failure to exhaust administrative remedies under the PLRA are generally dismissals without prejudice. *See Tomassini v. Corr. Health Servs. Corp.*, 09-cv-2059, 2012 WL 1601528, at *3–4 (D.P.R. May 7, 2012); *Hernández-Vásquez v. Ortiz-Martínez*, 2010 WL 132343, at *3 (D.P.R. Jan. 8, 2010) ("Failure to exhaust administrative remedies prior to bringing suit requires dismissal of plaintiff's claim without prejudice."); *Abbot v. United States*, 2001 WL 1636809, at *3 n. 5 (D.P.R. Nov. 8, 2001) ("The PLRA mandates that dismissals based on failure to exhaust administrative remedies be without prejudice.").